IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT WILLIS,

        Petitioner,

   v.

COREY FHUERE,

        Respondent.

Case No. 6:22-cv-00613-MO

OPINION AND ORDER

    Robert Willis
    14037661
    Oregon State Penitentiary
    2605 State Street
    Salem, OR 97310-0505

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Nick M. Kallstrom, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions dated February 8, 2018. Because Petitioner failed to timely file this case, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## BACKGROUND

On August 4, 2015, Petitioner signed a Plea Petition wherein he agreed to plead guilty to four counts of Sexual Abuse in the First Degree, three counts of Using a Child in a Sexual Display, and two counts of Encouraging Child Sex Abuse. Respondent's Exhibit 103. The trial court accepted his plea and sentenced him to 530 months in prison.

Petitioner took a direct appeal in which he assigned error to the trial court's decision to impose attorney's fees. On May 3, 2017, the Oregon Court of Appeals issued a written opinion in which it reversed the trial court on that issue, but otherwise affirmed the judgment. *State v. Willis,* 285 Or. App. 261, 395 P.3d 981 (2017). Petitioner did not seek review from the Oregon Supreme Court, and the Oregon Court of Appeals issued the direct Appellate Judgment on June 21, 2017. Respondent's Exhibit 108.

On May 24, 2018, Petitioner filed for post-conviction relief in Marion County, but the PCR court denied relief. Respondent's Exhibit 119. The Oregon Court of Appeals affirmed

2 – OPINION AND ORDER

the lower court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Willis v. Kelly*, 309 Or. App. 789, 482 P.3d 775, *rev. denied,* 368 Or. 515, 493 P.3d 520 (2021). The Oregon Court of Appeals issued the PCR Appellate Judgment on October 8, 2021. Respondent's Exhibit 124.

Petitioner filed this federal habeas corpus case on April 21, 2022 alleging that his trial attorney was ineffective when she failed to ensure that Petitioner's plea was knowing, intelligent, and voluntary.[1] Respondent asks the Court to dismiss the Petition on the basis that Petitioner failed to file it within the applicable one-year statute of limitations. Although Petitioner's supporting memorandum was due on August 29, 2022, he has not filed such a brief.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] April 21, 2022 represents the date on which Petitioner signed his Petition for Writ of Habeas Corpus and mailed it to the Court. Under the prison mailbox rule, this is deemed the filing date for his Petition. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

3 - OPINION AND ORDER

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, Respondent takes the position that the AEDPA's statute of limitations began to run on June 7, 2017, the date on which Petitioner's time for filing a petition for review in the Oregon Supreme Court expired. While this is an arguable position under 28 U.S.C. § 2244(d)(1)(A), for purposes of this action the Court assumes that the criminal Judgment did not become final until the Oregon Court of Appeals issued its direct Appellate Judgment on June 21, 2017. Accordingly, the AEDPA's statute of limitations began to run on June 21, 2017.[2] It ran

---

[2] Where Petitioner never petitioned the Oregon Supreme Court for review, he was not eligible to file a petition for certiorari. *See* 28 U.S.C. § 1257 (limiting U.S. Supreme Court review to final judgments and decrees from the highest court of a state). Consequently, he does not qualify for an additional 90-day tolling period pertaining to certiorari petitions. *See*

4 – OPINION AND ORDER

untolled for 335 days until Petitioner filed his *pro se* PCR Petition on May 22, 2018.[3] Respondent's Exhibit 109, p. 6; *see also* 28 U.S.C. § 2244(d)(2) (properly filed PCR actions toll the AEDPA's statute of limitations until the conclusion of those proceedings).

Petitioner's PCR action tolled the AEDPA's statute of limitations until the Oregon Court of Appeals issued the PCR Appellate Judgment on October 8, 2021. At that point, the statute of limitations resumed running until Petitioner signed and mailed his federal Petition for Writ of Habeas Corpus on April 21, 2022. During this time, Petitioner allowed another 195 untolled days to accrue. Where Petitioner allowed a total of 530 untolled days to accrue prior to filing this federal habeas corpus case, his Petition is untimely.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed because it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the

---

*Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (habeas litigants permitted 90-days of tolling for the time in which they are permitted to file a petition for certiorari with U.S. Supreme Court).

[3] Respondent uses the file stamp date on the PCR Petition (May 24, 2018) as the date of filing. However, Petitioner benefits from the prison mailbox rule such that the filing date is equivalent to the date he signed the Petition, May 22, 2018. *See Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions).

5 – OPINION AND ORDER

denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

| 9/22/2022 | *Michael W. Mosman* |
|---|---|
| DATE | Michael W. Mosman<br>United States District Judge |

6 – OPINION AND ORDER